IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PEGGY LEE HATFIELD                                                    PLAINTIFF

v.                                    Case No. 5:16-CV-5148

NANCY A. BERRYHILL, Acting Commissioner,
Social Security Administration                                        DEFENDANT

## ORDER

The Court has received proposed findings and recommendations (Doc. 14) from United States Magistrate Judge Erin L. Wiedemann. The Court has conducted a careful review of the findings and recommendations and of the timely objections (Doc. 15) filed by Plaintiff. After *de novo* review of the record as to Plaintiff's objections, the Court finds the Magistrate's reasoning to be sound and further finds that Plaintiff's objections offer neither law nor fact requiring departure from the Magistrates' findings.

Plaintiff objects to alleged improper treatment of the opinions of Doctors Adkins and Soliman since both physicians had been her primary treating physicians since 2013, saw her frequently, and issued opinions that she argues were consistent with the medical record. (Doc. 15, p. 3). She argues that the ALJ and Magistrate improperly disregarded these medical opinions because they offered a unique perspective as provided for in 20 C.F.R § 416.927(c)(2) (*Id.*, p. 5) and should have been accorded controlling weight pursuant to 20 C.F.R. § 404.1527(c)(2). (*Id.*, p. 4). Plaintiff also objects on the grounds that the ALJ and the Magistrate improperly assessed her Residual Functional Capacity ("RFC"). (*Id.*, p. 7). While treating physicians' opinions are to be given "great weight," they are not conclusive and the record must be evaluated as a whole. *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997) (citing *Pena v. Chater,* 76 F.3d 906, 908 (8th

Cir. 1996)).  Moreover, opinions "of a treating physician can be discounted if other assessments are supported by better or more thorough medical evidence." *Ward v. Heckler,* 786 F.2d 844, 846 (8th Cir. 1986).  "Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Cox v. Astrue*, 495 F.3d 614, 619–20 (8th Cir. 2007) (citing 20 C.F.R. §§ 416.927(e)(2), 416.946).

The Magistrate noted that the ALJ highlighted a lack of particular reasons stated by Dr. Soliman for the limitations he imposed, and further called attention to the fact that Dr. Soliman's opinion was not entirely consistent with his own examinations or the rest of the medical record. (Doc. 14, pp. 18-19).  Similar findings were made as to Dr. Adkins' opinion.  (*Id.*, p. 19).  The record also contains the opinions of four state agency medical consultants issued at relevant times, and these opinions support the findings of the ALJ.  (Doc. 13, p. 9).  This shows that there were conflicting medical opinions on the record that reached different conclusions.  Further, the opinions of Doctors Soliman and Adkins themselves were premised upon data and observations that did not entirely support their ultimate conclusion.  "It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians." *Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012) (citations and quotations omitted).  The ALJ considered all of the evidence cited by Plaintiffs, but did not adopt the opinions of Doctors Soliman and Adkins, and ultimately reached a different conclusion on the RFC determination.  The Plaintiff's objections do not raise evidence overlooked, identify error, or in any other way undermine the conclusions reached by the Magistrate.  The Court therefore concludes that the findings and recommendations should be, and hereby are, approved and adopted as this Court's findings in all respects in their entirety.  Judgment will be entered accordingly.

IT IS SO ORDERED this 30th day of May, 2017.

_/s/P. K. Holmes,_ III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE